UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN
MILWAUKEE DIVISION

| | |
|---|---|
| MICHAEL KOBLESKI, Individually and on Behalf of All Others Similarly Situated,<br><br>        Plaintiff,<br>  vs.<br><br>FIRST STEP GROUP, LLC, and CACH, LLC<br><br>        Defendants. | Case No.: 17-cv-261<br><br>**CLASS ACTION COMPLAINT**<br><br><br>**Jury Trial Demanded** |

## INTRODUCTION

1. This class action seeks redress for collection practices that violate the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*. (the "FDCPA").

## JURISDICTION AND VENUE

2. The court has jurisdiction to grant the relief sought by the Plaintiff pursuant to 15 U.S.C. § 1692k and 28 U.S.C. §§ 1331 and 1337. Venue in this District is proper in that Defendants directed their collection efforts into the District.

## PARTIES

3. Plaintiff Michael Kobleski ("Plaintiff") is an individual who resides in the Eastern District of Wisconsin (Milwaukee County).

4. Plaintiff is a "consumer" as defined in the FDCPA, 15 U.S.C. § 1692a(3), in that Defendant sought to collect debts allegedly incurred for personal, family or household purposes from Plaintiff.

5. Defendant First Step Group, LLC ("First Step") is a debt collection agency with its principal offices at 4900 Viking Drive, Edina, Minnesota 55435.

6. First Step is engaged in the business of a collection agency, using the mails and telephone to collect consumer debts originally owed to others.

7. First Step is engaged in the business of collecting debts owed to others and incurred for personal, family or household purposes. First Step is a debt collector as defined in 15 U.S.C. § 1692a.

8. Defendant CACH, LLC ("CACH") is a foreign limited liability company with its principal place of business located at 1675 Broadway, Suite 1200, Denver, CO 80202.

9. CACH is engaged in the business of a collection agency, in that it purchases and receives assignment of consumer debts that are in default at the time CACH acquires them.

10. The FDCPA treats assignees as debt collectors if the debt sought to be collected was in default when acquired by the assignee, and as creditors if it was not. 15 U.S.C. § 1692a(6)(F)(iii); *Schlosser v. Fairbanks Capital Corp.*, 323 F.3d 534, 536 (7th Cir. 2003), *citing Bailey v. Sec. Nat'l Serving Corp.*, 154 F.3d 384, 387 (7th Cir. 1998); *Whitaker v. Ameritech Corp.*, 129 F.3d 952, 958 (7th Cir. 1998); *Pollice v. Nat'l Tax Funding, L.P.*, 225 F.3d 379, 403-04 (3d Cir. 2000); *Wadlington v. Credit Acceptance Corp.*, 76 F.3d 103, 106-07 (6th Cir. 1996); *Perry v. Stewart Title Co.*, 756 F.2d 1197, 1208 (5th Cir. 1985).

11. CACH uses third party debt collectors, including First Step, to collect allegedly defaulted debts that have been assigned to CACH.

12. A company meeting the definition of a "debt collector" under the FDCPA (here, Midland) is vicariously liable for the actions of a second company collecting debts on its behalf as a matter of law. *Janetos v. Fulton Friedman & Gullace, LLP*, 825 F.3d 317, 325-26 (7th Cir. 2016) (assignees who are "debt collectors" are responsible for the actions of those collecting on their behalf); *citing Pollice*, 225 F.3d at 404-05.

13. CACH, directly or indirectly, is a debt collector under the above arrangement and is jointly responsible for First Step's actions. 15 U.S.C. § 1692a(6).

## FACTS

14. On or about January 23, 2017, First Step mailed a debt collection letter to Plaintiff regarding an alleged debt. A copy of this letter is attached to this complaint as <u>Exhibit A</u>.

15. Upon information and belief, the alleged debt referred to in <u>Exhibit A</u> was alleged unsecured personal line of credit obtained through "Best Egg", which was only used for personal, family or household purposes, specifically, to pay off medical bills and other household bills. Plaintiff did not have any credit accounts originated for business purposes.

16. According to Best Egg's website: "Best Egg loans are unsecured personal loans through Cross River Bank, a NJ chartered bank…" https://www.mybestegg.com/loan/app/#/application-start.

17. Upon information and belief, <u>Exhibit A</u> is a form letter, generated by computer, and with the information specific to Plaintiff inserted by computer.

18. <u>Exhibit A</u> identifies the creditor as "CACH, LLC."

19. CACH acquired the account identified in <u>Exhibit A</u> after it was in default. Upon information and belief, CACH only purchases consumer credit accounts that have been charged off by the creditor.

20. <u>Exhibit A</u> contains facially contradictory language about the settlement options in the letter.

21. In one place, <u>Exhibit A</u> describes "Option 1" as a payment plan with four payments:

**OPTION 1**
**A Savings of $19,135.38**

Receive 78% off your current balance with 4 payments of $1,349.29.

22. In another place in Exhibit A, "Option 1" is described as a lump-sum, single-payment offer:

> If you choose Option 1, we can accept $5,397.16 as a lump sum settlement of the above referenced account. This way you can settle your account and use the savings however you want!

23. Later in Exhibit A, First Step returns to the 4-payment concept:

> ☐ Option 1: I would like to settle my debt in full with 4 payments

24. Exhibit A also requests that the consumer: "Contact us within 30 days from the date of this letter to take advantage of one of these offers ... We are not obligated to renew these offers."

25. Reading Exhibit A as a whole, it is not clear whether "Option 1" is a 4-payment offer or a single payment, lump-sum offer. Both are identified as "Option 1."

26. Plaintiff was confused by the contradictory language in Exhibit A.

27. The unsophisticated consumer would be confused by the contradictory language in Exhibit A.

28. First Step's misrepresentations are material false statements.

29. The consequences of misleading a consumer with respect to settling a debt are greater than misleading about the amount of the debt. *See eg. Miller v. McCalla, Raymer, Padrick, Cobb, Nichols, & Clark, L.L.C.*, 214 F.3d 872, 876 (7th Cir. 2000).

30. If Defendants treat "Option 1" as a lump-sum offer and instead, the consumer pays one of four payments and allows one month to lapse, Defendants could continue to collect the remaining balance plus any additional interest that had accrued.

31. These misrepresentations could have serious consequences. Plaintiff, for example, could pay the amount identified as the 4-payment amount ($1,349.29). Even if he made a second payment in the same amount less than 30 days later, Plaintiff would not know whether First Step

4

or CACH would continue to honor the settlement after 30 days pass and the Plaintiff has not paid the full lump-sum amount ($5,397.16), because Defendants "are not obligated to renew these offers."

32. 15 U.S.C. § 1692e states: "A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt."

33. 15 U.S.C. § 1692e(2)(a) specifically prohibits "the false representation of—the character, amount, or legal status of any debt."

34. First Step's misrepresentation is also a "false representation or deceptive means to collect or attempt to collect any debt," in violation of 15 U.S.C. § 1692e(10).

35. Plaintiff had to spend time and money investigating Exhibit A and the consequences of any potential responses to Exhibit A.

36. Plaintiff had to take time to obtain and meet with counsel, including travel to counsel's office by car and its related expenses (including but not limited to the cost of gasoline and mileage), to advise Plaintiff on the consequences of Exhibit A.

37. The FDCPA creates substantive rights for consumers; violations cause injury to consumers, and such injuries are concrete and particularized. *Quinn v. Specialized Loan Servicing, LLC*, No. 16 C 2021, 2016 U.S. Dist. LEXIS 107299 *8-13 (N.D. Ill. Aug. 11, 2016) (rejecting challenge to Plaintiff's standing based upon alleged FDCPA statutory violation); *Lane v. Bayview Loan Servicing, LLC*, No. 15 C 10446, 2016 U.S. Dist. LEXIS 89258 *9-10 (N.D. Ill. July 11, 2016) ("When a federal statute is violated, and especially when Congress has created a cause of action for its violation, by definition Congress has created a legally protected interest that it deems important enough for a lawsuit."); *Church v. Accretive Health, Inc.*, No. 15-15708, 2016 U.S. App. LEXIS 12414 *7-11 (11th Cir. July 6, 2016) (same); *see also Mogg v. Jacobs*,

5

No. 15-CV-1142-JPG-DGW, 2016 U.S. Dist. LEXIS 33229, 2016 WL 1029396, at *5 (S.D. Ill. Mar. 15, 2016) ("Congress does have the power to enact statutes creating legal rights, the invasion of which creates standing, even though no injury would exist without the statute," (quoting *Sterk v. Redbox Automated Retail, LLC*, 770 F.3d 618, 623 (7th Cir. 2014)). For this reason, and to encourage consumers to bring FDCPA actions, Congress authorized an award of statutory damages for violations. 15 U.S.C. § 1692k(a).

38. Moreover, Congress has explicitly described the FDCPA as regulating "abusive practices" in debt collection. 15 U.S.C. §§ 1692(a) – 1692(e). Any person who receives a debt collection letter containing a violation of the FDCPA is a victim of abusive practices. *See* 15 U.S.C. §§ 1692(e) ("It is the purpose of this subchapter to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses").

## COUNT I – FDCPA

39. Plaintiff incorporates by reference as if fully set forth herein the allegations contained in the preceding paragraphs of this Complaint.

40. Exhibit A contradicts itself by identifying settlement "Option 1" as a 4-payment settlement offer in some places, but refers to "Option 1" as a lump-sum payment in another place on the same letter.

41. Defendants have therefore violated 15 U.S.C. §§ 1692e, 1692e(2)(a) and 1692e(10). Plaintiff does not bring any claim under 15 U.S.C. § 1692g.

## CLASS ALLEGATIONS

42. Plaintiff brings this action on behalf of a Class, consisting of (a) all natural persons in the State of Wisconsin (b) to whom First Step Group, LLC sent a collection letter seeking to collect a debt allegedly owed to CACH, LLC (c) which letter stated both that "Option 1" is a settlement in four payments and that "Option 1" is a single-payment, lump sum offer, (d) seeking to collect a debt for personal, family or household purposes, (e) between the dates of February 24, 2016, and February 24, 2017, inclusive, (f) that was not returned by the postal service.

43. The Class is so numerous that joinder is impracticable. On information and belief, there are more than 50 members of the Class.

44. There are questions of law and fact common to the members of the class, which common questions predominate over any questions that affect only individual class members. The predominant common question is whether the Defendants complied with 15 U.S.C. § 1692e.

45. Plaintiff's claims are typical of the claims of the Class members. All are based on the same factual and legal theories.

46. Plaintiff will fairly and adequately represent the interests of the Class members. Plaintiff has retained counsel experienced in consumer credit and debt collection abuse cases.

47. A class action is superior to other alternative methods of adjudicating this dispute. Individual cases are not economically feasible.

## JURY DEMAND

48. Plaintiff hereby demands a trial by jury.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and the Class and against Defendants for:

(a) actual damages;

(b) statutory damages;

(c) attorneys' fees, litigation expenses and costs of suit; and

(d) such other or further relief as the Court deems proper.

Dated: February 24, 2017

**ADEMI & O'REILLY, LLP**

By: /s/ John D. Blythin
Shpetim Ademi (SBN 1026973)
John D. Blythin (SBN 1046105)
Mark A. Eldridge (SBN 1089944)
Denise L. Morris (SBN 1097911)
3620 East Layton Avenue
Cudahy, WI 53110
(414) 482-8000
(414) 482-8001 (fax)
sademi@ademilaw.com
jblythin@ademilaw.com
meldridge@ademilaw.com
dmorris@ademilaw.com